Matter of Gavrielov v Unger Consulting Group Ltd. (2019 NY Slip Op 04467)





Matter of Gavrielov v Unger Consulting Group Ltd.


2019 NY Slip Op 04467


Decided on June 6, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 6, 2019

Sweeny, J.P., Gische, Webber, Oing, Moulton, JJ.


9547 570582/17

[*1]In re Meirav Gavrielov, et al., Petitioners-Appellants,
v
Unger Consulting Group Ltd., et al., Respondents-Respondents.


Borah, Goldstein, Altschuler, Nahins & Goidel, P.C., New York (Paul N. Gruber of counsel), for appellants.
Helene W. Hartig, New York, for respondents.



Order, Appellate Term, First Department, entered February 1, 2016, which affirmed an order of the Civil Court, New York County (Jack Stoller, J.), entered on or about November 14, 2016, granting respondents' motion for summary judgment dismissing the petition in a holdover summary proceeding and denying petitioners' cross motion for summary judgment on the petition and to strike respondents' affirmative defenses and counterclaims, and an order of the same court and Judge, entered on or about March 6, 2017, granting petitioners' motion for reargument, and upon reargument, adhering to the original determination, unanimously reversed, on the law, without costs, respondents' motion denied and petitioners' cross motion granted.
The parties do not dispute that before 2014 the apartment that had been occupied by respondent Harold Unger for several decades was subject to rent stabilization. Rent stabilized renewal leases were executed by Unger from at least 1989 until January 31, 2008, listing as the tenant a corporate entity wholly owned by Unger. In 2008, Unger himself was added as a tenant to the lease renewal. However, in 2014, Unger executed a rent stabilized lease renewal designating respondent Unger Corporate Group (UCG), another corporate entity wholly owned by him, as the tenant. The lease renewal did not identify any occupant of the apartment.
By omitting Unger as a named tenant and adding UCG, respondents created a vacancy and a new tenancy, which resulted in the deregulation of the apartment, because the rent exceeded the deregulation threshold (see Fox v 12 E.88th LLC, 160 AD3d 401 [1st Dept 2018], lv denied 32 NY3d 911 [2018]).
Respondents failed to present evidence that, by accepting Unger's personal checks for the rent and offering the lease renewal on the form used by the Division of Housing and Community Renewal for rent stabilized apartments, petitioners or the predecessor landlord voluntarily waived a known right to deregulate the apartment based on the vacancy (see Sullivan v Brevard Assoc., 66 NY2d 489, 495 [1985]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 6, 2019
CLERK